16-3171-cv
Wenc v. New London Bd. of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand seventeen.

PRESENT: REENA RAGGI,
　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　　*Circuit Judges*,
　　　　　 JOAN M. AZRACK,
　　　　　　　　　*District Judge.*[*]

------------------------------------------------------------------------

JON WENC,

　　　　　　　　　*Plaintiff-Appellant*,

　　　　　 v.　　　　　　　　　　　　　　　　　No. 16-3171-cv

NEW LONDON BOARD OF EDUCATION,

　　　　　　　　　*Defendant-Appellee.*[†]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　JACQUES J. PARENTEAU (Magdalena B. Wiktor, *on the brief*), Madsen, Prestley & Parenteau, LLC, New London, Connecticut.

---

[*] Judge Joan M. Azrack, of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the case caption as set forth above.

APPEARING FOR APPELLEE:     JOHANNA G. ZELMAN (Cindy M. Cieslak, *on the brief*), FordHarrison, LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 18, 2016, is AFFIRMED.

Plaintiff Jon Wenc, an amputee who uses a leg prosthesis for mobility, appeals from an award of summary judgment in favor of defendant, the New London Board of Education (the "Board"), on Wenc's claims of disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12101 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 *et seq.*[1] Wenc, who works as an elementary school teacher, argues that the Board violated the ADA by failing timely to grant his accommodation request to teach sixth grade rather than first grade. Wenc challenges the district court's determination that (1) the Board's allowance of medical leave and provision of a classroom aide on Wenc's return to his first-grade assignment reasonably accommodated his disability, and (2) the Board's recommendation that Wenc apply for unpaid leave under the Family and Medical Leave Act ("FMLA") was not actionable retaliation. We review a summary judgment award *de novo*, construing the evidence in the light most favorable to the

_____

[1] Although Wenc's notice of appeal also identifies the district court's denial of his cross-motion for summary judgment, Wenc does not address that decision in his briefing. Indeed, he affirmatively waives any argument on that score, asking instead that we "remand this case for a jury trial." Appellant's Br. 50.

2

non-movant, and we may affirm on any ground supported by the record if no dispute of material fact precludes judgment as a matter of law. *See McElwee v. County of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Discrimination Claims

The ADA prohibits disability discrimination, including an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (internal quotation marks omitted). A plaintiff makes out a *prima facie* case of disability discrimination based on a failure to accommodate by showing that (1) he has a disability within the meaning of the ADA; (2) his employer is covered by the statute and had notice of that disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) his employer has refused to make such accommodations. *See id.* at 96–97. Plaintiff "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow him to meet the essential eligibility requirements" of the position, after which defendant "bears the burden of proving that the requested accommodation is not reasonable." *McElwee v. County of Orange*, 700 F.3d at 642. Although the reasonableness of an employer's accommodation is "a fact-specific question that often must be resolved by a factfinder," an employer is nevertheless

3

"entitled to summary judgment if, on the undisputed record, the existing accommodation is plainly reasonable," without any "need to engage in further burden-shifting." *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (internal quotation marks omitted). The parties agree that the same framework applies to Wenc's state-law claims. *See Curry v. Allan S. Goodman, Inc.*, 286 Conn. 390, 415–16, 944 A.2d 925, 940 (2008) (applying ADA framework to CFEPA claims). With respect to the discrimination claim, the Board does not contest that Wenc was disabled, or that it is subject to the ADA or CFEPA. The parties dispute only whether Wenc was able to perform the essential functions of his job and whether the Board reasonably accommodated his disability.

a.    2011–2012 School Year

The Board was entitled to summary judgment on Wenc's discrimination claim for the 2011–2012 school year because he was then on physician-ordered medical leave, and therefore unable to perform his job as an elementary school teacher. The notes from Wenc's physician aver that it was "in [Wenc's] best interest" not to return to work during that school year due to a painful lesion created by his prosthesis. App'x 324, 326, 328, 330, 332, 334. It is not apparent, as Wenc urges, that he was cleared to return to work by an April 2012 physician's note indicating that a sixth-grade classroom would "be more suitable" to him, as that same note states that it remained in Wenc's "best interest to be out of work." *Id.* at 334. Wenc's contention that it was the Board's responsibility to be more proactive in opening a dialogue with him regarding his return to work fails for

4

the same reason, as an employer cannot be liable for "failing to engage in a sufficient interactive process" when the employee is unable to perform the essential functions of his job. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d at 101.

Even if Wenc had been able to work in spite of his doctor's medical-leave recommendation, no reasonable jury could conclude that the Board failed reasonably to accommodate him by adopting that recommendation, rather than by transferring Wenc to a higher grade level. Although we have not squarely addressed in a published opinion when a medical leave may constitute a "reasonable accommodation" under the ADA, *see Graves v. Frinch Pruyn & Co., Inc.*, 457 F.3d 181, 185 n.5 (2d Cir. 2006), we need not do so here because Wenc concedes that such leave, whether "paid or unpaid," is a reasonable accommodation to the extent it is requested by the employee and affords the employee the opportunity to "heal or otherwise address a medical condition that prevents the employee from working." Appellant's Br. 20. Wenc contends that the Board's provision of medical leave became unreasonable in April 2012 because he then felt "medically fit to return to work" and did not want to transition to unpaid FMLA leave. Appellant's Br. 39. The argument is not supported by the record. Wenc's May 18, 2012 journal entry and his deposition testimony show that he was not then trying to return to his job as an elementary school teacher. Although Wenc argues that a jury might infer his intent to start a "dialogue" regarding a return to work, *id.* at 39, from his submission to the Board of an April 2012 doctor's note expressing a preference for

5

teaching "higher grades," App'x 334, we have already explained that this note stated that Wenc was not then cleared to return to work.

b.     2012–2013 School Year

As to the following school year, Wenc agreed to return to school after submitting to a functional capacity examination by a neutral physician.   That doctor opined that Wenc could be reasonably accommodated as a first-grade teacher with "the assistance of two classroom aides."   App'x 353.   The Board's provision of a second classroom aide to assist Wenc in teaching the first grade was thus a "plainly reasonable" accommodation of Wenc's difficulties in attending to the higher physical demands of first grade students. *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d at 94.   Indeed, Wenc admitted at deposition that the aides assigned to his classroom were satisfactory.

In now urging otherwise, Wenc contends that the examining physician's recommendation might be construed as recommending the provision of two *additional* classroom aides rather than the two *total* aides that he received.[2]   The argument fails because the assigned additional aide was intended to substitute for the physical efforts of only one person, and Wenc himself agreed that the aide was satisfactory.   His professed preference for a second additional classroom aide, or transfer to a sixth-grade classroom without any aides, warrants no different conclusion because the ADA does not "require the employer to provide every accommodation the disabled employee may request" so long as the accommodation provided was reasonable.   *Id.* at 95.   Moreover, transfer to

---

[2] One aide was already assigned to Wenc's classroom to assist a student with an Individualized Education Program.

6

the sixth grade was not an option, as there were no open sixth-grade positions when Wenc returned to work in the 2012–2013 school year. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d at 97 ("'[A]n employer need not reassign an employee if no position is vacant. Nor is the employer obliged to create a new position to accommodate the employee.'" (quoting *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 99 (2d Cir. 1999))).[3]

Accordingly, we conclude that summary judgment on Wenc's discrimination claims was correctly granted to the Board.

2.     Retaliation Claims

Wenc argues that the Board "forced" him to take unpaid FMLA leave in retaliation for requesting a transfer to the sixth grade. Appellant's Br. 19. "Claims for retaliation [under the ADA] are analyzed under the same burden-shifting framework established for Title VII cases." *Widomski v. State Univ. of N.Y. (SUNY) at Orange*, 748 F.3d 471, 476 (2d Cir. 2014) (internal quotation marks omitted); *see Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010) (explaining that CFEPA "discrimination and retaliation claims" are also governed by Title VII framework). Such claims require a showing of (1) ADA-protected activity by the employee, (2) employer awareness of that activity, (3) an adverse employment action against the employee, and (4) a causal connection between that adverse action and the protected activity. *See Treglia v. Town*

---

[3] In the 2013–2014 school year, the Board transferred Wenc to the fifth grade, providing him with two classroom aides, a wheelchair, and a swiveling office chair. After the 2014–2015 school year, Wenc was transferred to the sixth grade.

7

*of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). In granting the Board summary judgment on Wenc's retaliation claims, the district court reasoned that Wenc's unpaid medical leave was not an adverse employment action, and that the evidence did not admit a causal inference that he was "forced" to take such leave. App'x 62. We need not address the former point because the latter suffices to support the challenged judgment.

As already discussed, the record evidence shows that Wenc was not cleared to return to his elementary school employment during the 2011–2012 school year and that he did not wish to do so. When Wenc exhausted his paid sick leave, the Board advised him that if he was still unable to return to work in May, he could apply for unpaid leave under the FMLA. Wenc chose to apply for such leave, and the Board approved it. To the extent Wenc contends that the Board was required to pay for his FMLA leave, that argument is unsupported by law or fact. The Board had no policy authorizing further paid leave, and the FMLA does not require it. *See* 29 U.S.C. § 2612(c) ("[L]eave granted under [the FMLA] may consist of unpaid leave."); *Sista v. CDC Ixis N. Am. Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) ("The FMLA gives eligible employees an 'entitlement' to twelve workweeks per year of unpaid leave . . . .").

Accordingly, we affirm the district court's grant of summary judgment on Wenc's retaliation claims.

3.    Conclusion

We have considered Wenc's other arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court